UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                        Case No. 2:00-cr-82-FTM-29DNF

THELTON JACOB

_____

**OPINION AND ORDER**

This matter is before the Court on defendant's *pro se* Motion for Reduction of Sentence Based on Retroactive Guideline Amendment Effective November 1, 2007, Concerning Cocaine Base ("Crack") and/or Certain Criminal History Rule That Have the Effect of Lowering Guideline Range (Doc. #437) filed on March 13, 2008. Defendant seeks a reduction in his sentence in light of Amendment 706 to the United States Sentencing Guidelines, which reduces the base offense level for cocaine base offenses by two levels, and in light of Amendment 709, which made changes concerning a defendant's criminal history. Because defendant is not eligible for a reduction of his term of imprisonment under Amendment 706, and Amendment 709 has not been made retroactive, the motion will be denied.

**I.**

Title 18 U.S.C. § 3582(c) gives the court discretionary authority to reduce the term of imprisonment portion of a defendant's sentence under certain circumstances. Section 3582(c)(2) provides in pertinent part:

> (c) The court may not modify a term of imprisonment once it has been imposed except that -
> . . .

> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2). The relevant United States Sentencing Guidelines (U.S.S.G.) policy statement is U.S.S.G. § 1B1.10, as amended by Amendment 713 and effective March 3, 2008.

Reading 18 U.S.C. § 3582(c)(2) in conjunction with U.S.S.G. § 1B1.10(a)(1), the general requirements a defendant must establish to be eligible for a reduction of the term of imprisonment are: (1) Defendant had been sentenced to a term of imprisonment; (2) the term of imprisonment was based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o); (3) defendant is still serving the term of imprisonment; and (4) the amendment to the Sentencing Guidelines has been made retroactive by being listed in U.S.S.G. § 1B1.10(c)[1]. Even if generally eligible for a reduction in the term of imprisonment, a defendant must show that a reduction is consistent with the policy statement in U.S.S.G. § 1B1.10. A reduction of a term of imprisonment is not consistent with the Sentencing Guidelines policy statement, and therefore is not authorized by § 3582(c)(2), if none of the retroactive amendments is applicable to

---

[1] United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003).

defendant, U.S.S.G. § 1B1.10(a)(2)(A), or if the retroactive amendment does not have the effect of lowering defendant's applicable guideline range. U.S.S.G. § 1B1.10(a)(2)(B).

Here, Amendment 706 does not have the effect of lowering defendant's Sentencing Guidelines range. Cocaine base, cocaine, and heroin were involved in the Count One conspiracy offense of conviction, and heroin was involved in the Count Four offense of conviction. The original sentence was determined based upon the quantity of heroin (at least 15 kilograms), and the quantities of cocaine base and cocaine did not impact the determination of the Base Offense Level. Under U.S.S.G. § 2D1.1(c)(2), this amount of heroin resulted in the Base Offense Level of 36. Because of a three level upward adjustment for role in the offense, the Total Offense Level was 39. Applying Amendment 706 does not impact the Sentencing Guidelines range because Amendment 706 has no impact on sentences based on heroin. Since the Base Offense Level is not affected by the application of the amendment, a reduction cannot be made pursuant to Amendment 706.

Because defendant is proceeding *pro se*, the Court must construe his request for post-conviction relief liberally, United States v. Brown, 117 F.3d 471, 475 (11th Cir. 1997), and consider all possible bases of authority even though none may be identified by defendant, United States v. Jordan, 915 F.2d 622, 624-25 (11th Cir. 1990), cert. denied, 499 U.S. 979 (1991). The Court has no

inherent power to reduce or modify a sentence, but rather must look to the specific parameters of federal statutes and the Federal Rules of Criminal Procedure. United States v. Diaz-Clark, 292 F.3d 1310, 1315 (11th Cir. 2002), cert. denied, 539 U.S. 951 (2003). The Court finds no other basis for jurisdiction to modify or vacate the sentence.

## II.

As to Amendment 709, only amendments listed under § 1B1.10(c) of the Sentencing Guidelines, and having the effect of lowering the sentencing range upon which a sentence was based, may be considered for reduction of a sentence under 18 U.S.C. § 3582(c). United States v. Armstrong, 347 F.3d 905, 909 (11th Cir. 2003). Amendment 709 is not listed in § 1B1.10(c) of the Sentencing Guidelines, and may not be utilized to reduce defendant's sentence. Id.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Defendant's Motion for Reduction of Sentence Based on Retroactive Guideline Amendment Effective November 1, 2007, Concerning Cocaine Base ("Crack") and/or Certain Criminal History Rule That Have the Effect of Lowering Guideline Range (Doc. #437) is **DENIED**

**DONE AND ORDERED** at Fort Myers, Florida, this ___18th___ day of April, 2008.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

4

```
Copies:
AUSA Barclift
Thelton Jacob
U.S. Probation
U.S. Marshal
```